IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 24-CV-3675 ) ) |
| HALSTED RECYCLING LLC, an Illinois Corporation, and JOSE PEDRO, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, NAUTILUS INSURANCE COMPANY, by and through its attorneys, Dana A. Rice and Jeremy S. Macklin of Traub Lieberman Straus & Shrewsberry, LLP, and for its Complaint for Declaratory Judgment against Defendants, HALSTED RECYCLING, LLC and JOSE PEDRO, it states the following:

## THE PARTIES

1. Plaintiff, Nautilus Insurance Company ("Nautilus"), is, and at all times relevant hereto was, a corporation organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona.

2. Defendant, Halsted Recycling, LLC ("Halsted Recycling") is, and at all times relevant hereto was, a limited liability company organized under the laws of Illinois. On information and belief, Halsted Recycling is comprised of a single member, Irma Sanchez. On information and belief, Ms. Sanchez is a resident of Illinois and, therefore, a citizen of Illinois.

3. On information and belief, Defendant, Jose Pedro ("Underlying Plaintiff"), is, and at all times relevant hereto was, an individual resident and citizen of Illinois.

4. Underlying Plaintiff is the plaintiff in the lawsuit styled *Jose Pedro v. Halsted Recycling*, which is currently pending under case no. 2023L013028 in the Circuit Court of Cook County, Illinois (the "Underlying Lawsuit").

5. Underlying Plaintiff is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered in this case. If Underlying Plaintiff executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will file an amended complaint removing Underlying Plaintiff as a defendant.

## JURISDICTION AND VENUE

6. Nautilus brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 2201.

7. There exists an actual and justiciable controversy among the parties concerning the rights, duties, and obligations of Nautilus under and pursuant to the policy of insurance described herein in connection with the Underlying Lawsuit.

8. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Nautilus on the one hand (an Arizona citizen) and Halsted Recycling and Underlying Plaintiff on the other hand (Illinois citizens).

9. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, Halsted Recycling seeks coverage for the Underlying Lawsuit under a commercial general liability insurance policy that Nautilus issued to Halsted Recycling, which generally provides $1,000,000 of liability coverage for each covered occurrence subject to a $2,000,000 general aggregate. In the Underlying Lawsuit, Underlying Plaintiff alleges that Halsted Recycling's negligence resulted in a lawn mower severing several fingers of his hand. The

Underlying Lawsuit seeks damages in excess of $50,000.00 for Underlying Plaintiff's alleged injuries.

10. Venue is proper pursuant to 28 U.S.C. §1391(b) because at least one defendant resides in this judicial district. Moreover, the Underlying Lawsuit at issue in this declaratory action is currently pending in the Circuit Court of Cook County, Illinois.

## THE UNDERLYING LAWSUIT

11. On December 27, 2023, Underlying Plaintiff filed the Underlying Lawsuit against Halsted Recycling in the Circuit Court of Cook County, Illinois.

12. The operative pleading in the Underlying Lawsuit is a Complaint (the "Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached hereto as **Exhibit A** and incorporated herein by reference.

13. The Underlying Complaint alleges that on September 12, 2023, Underlying Plaintiff was assisting with work at Halsted Recycling's facility located at 5801 South Halsted, Chicago, IL 60621.

14. The Underlying Complaint alleges that Underlying Plaintiff, at the direction of one of his supervisors, attempted to manually remove grass clipping from a lawn mower owned, maintained, and controlled by Halsted Recycling (the "Lawnmower").

15. The Underlying Complaint alleges that, without sufficient warning, the Lawnmower failed to stop and, as a result, severed several fingers on Underlying Plaintiff's hand.

16. The Underlying Complaint asserts one cause of action against Halsted Recycling for negligence.

17. The Underlying Complaint alleges that Halsted Recycling had a duty to exercise reasonable care to keep the premises in a reasonably safe condition and to properly manage, maintain, and control the aforesaid property and premises and equipment in a reasonably safe

manner so as not to carelessly and negligently cause injury to persons, such as the Underlying Plaintiff, who were rightfully and lawfully upon the premises.

18. The Underlying Complaint alleges that Halsted Recycling negligently and carelessly managed, maintained, operated, and controlled the aforementioned premises and property such that they failed to properly maintain, direct, and supervise the use of landscaping machinery used by Underlying Plaintiff while on the premises.

19. The Underlying Complaint further alleges that Halsted Recycling failed to take the Lawnmower out of service, failed to make the workplace safe for individuals who did not speak English, and violated OSHA regulations 1910(a) and (b), which pertain to employee safety and training requirements.

20. The Underlying Complaint alleges that as a direct and proximate result of Halsted Recycling's negligent acts or omissions, Underlying Plaintiff suffered serious injuries and was "obligated to pay medical expenses and to be absent from his usual pursuits for a long period of time."

## THE NAUTILUS POLICY

21. Nautilus issued a commercial general liability policy to Halsted Recycling as the named insured, under policy no. NN1512861, for the policy period of February 13, 2023, to February 13, 2024 (the "Nautilus Policy"). The Nautilus Policy generally provides $1,000,000 of liability coverage for each covered occurrence, subject to a $2 million general aggregate limit. A true and accurate copy of the Nautilus Policy is attached hereto as **Exhibit B** and incorporated herein by reference.

## COUNT I
## INJURY TO WORKERS EXCLUSION

22. Nautilus adopts and realleges the allegations in Paragraphs 1 through 21 of its Complaint for Declaratory Judgment as and for Paragraph 22 of Count I of its Complaint for Declaratory Judgment, as if fully set forth herein.

23. The Insuring Agreement for Coverage A – Bodily Injury and Property Damage in the Nautilus Policy provides, in relevant part, the following with respect to the liability coverage afforded therein:

> **I.    Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. […]
>
> \* \* \*
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> > **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> >
> > **(2)** The "bodily injury" or "property damage" occurs during the policy period;
>
> \* \* \*

24. By its plain terms, the Insuring Agreement for Coverage A of the Nautilus Policy generally provides coverage for those sums that an insured becomes legally obligated to pay as damages because of "bodily injury" caused by an "occurrence" during the policy period.

25. Halsted Recycling is the Named Insured on the Nautilus Policy and, therefore, qualifies as an insured.

26. Coverage under the Nautilus Policy, however, is subject to various terms, conditions and exclusions. Specifically, the Nautilus Policy contains an exclusion added to the policy by an endorsement titled "Exclusion - Injury to Employees, Contractors, Volunteers and Other Workers" (Form L205 (11/10)) ("Injury to Workers Exclusion").

27. The Injury to Workers Exclusion precludes coverage for the following:

**a. Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

**(1)** "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

**(2)** Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

**(a)** Employment by any insured; or

**(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or

\* \* \*

This exclusion applies:

**(1)** Regardless of where the:

**(a)** Services are performed; or

**(b)** "Bodily injury" occurs; and

**(2)** Whether any insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

28. By its plain terms, the Injury to Workers Exclusion bars coverage under the Nautilus Policy for any "bodily injury" to Halsted Recycling's "employees," "leased workers," "temporary workers," "volunteer workers," statutory "employees," casual workers, seasonal workers, contractors, subcontractors, or independent contractors, arising out of and in the course of employment by Halsted Recycling and/or directly or indirectly performing duties related to the conduct of Halsted Recycling's business.

29. The Injury to Workers Exclusion also bars coverage under the Nautilus Policy for any "bodily injury" to any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors, arising out of and in the course of employment by Halsted Recycling and/or directly or indirectly performing duties related to the conduct of Halsted Recycling's business.

30. The Nautilus Policy defines the terms "employee," "leased worker," "temporary worker," and "volunteer worker" as follows:

> 5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
>
> \* \* \*
>
> 10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".
>
> \* \* \*
>
> 19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.
>
> 20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

31. The Underlying Complaint alleges that Underlying Plaintiff was "assisting with work at HALSTED RECYCLING and at the direction of one of the supervisors."

32. The Underlying Complaint further alleges that Halsted Recycling "failed to make the workplace safe for individuals who did not speak English."

33. The Injury to Workers Exclusion bars coverage for the Underlying Lawsuit because Underlying Plaintiff allegedly sustained his injuries while he was working as an "employee," "leased worker," "temporary worker," "volunteer worker," statutory "employee," casual worker, seasonal worker, contractor, subcontractor, or independent contractor of Halsted Recycling in the course of his employment by Halsted Recycling, or directly or indirectly performing duties related to the conduct of Halsted Recycling's business.

34. Alternatively, the Injury to Workers Exclusion bars coverage for the Underlying Lawsuit because, at the time Underlying Plaintiff sustained his injuries, he was an "employee," "leased worker," "temporary worker," "volunteer worker," statutory "employee," casual worker, seasonal worker, contractor, subcontractor, or independent contractor of one of Halsted Recycling's contractors, subcontractors, or independent contractors, and his injuries arose out of and in the course of employment by Halsted Recycling and/or directly or indirectly performing duties related to the conduct of Halsted Recycling's business.

35. Accordingly, the Injury to Workers Exclusion bars coverage under the Nautilus Policy for the claims asserted against Halsted Recycling in the Underlying Lawsuit.

36. Therefore, Nautilus has and had no duty to defend or indemnify Halsted Recycling in the Underlying Lawsuit.

37. An actual controversy exists between Nautilus, Halsted Recycling, and Underlying Plaintiff, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that the Injury to Workers Exclusion bars coverage under the Nautilus Policy for the claims asserted against Halsted Recycling in the Underlying Lawsuit;

c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend or indemnify Halsted Recycling in the Underlying Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

Dated: May 6, 2024

Respectfully submitted,

TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP

By: /s/ Dana A. Rice
Dana A. Rice (ARDC No.: 6283827)
Jeremy S. Macklin (ARDC No.: 6303870)
71 South Wacker Drive, Suite 2110
Chicago, Illinois 60606
Telephone: (312) 332-3900
Facsimile: (312) 332-3908
jmacklin@tlsslaw.com
One of the Attorneys for Plaintiff
*Nautilus Insurance Company*